## (October 16, 1969)

■ GERTRUDE E. GLEDHILL et al., on Behalf of Themselves and All Other Former Employees of BEST & CO., INC., Similarly Situated, Respondents, v. BEST & CO., INC., et al., Appellants, et al., Defendants.— Order entered April 11, 1969, insofar as it denied defendants-appellants' motion to dismiss the first and second causes of action on the ground that plaintiffs have not the legal capacity to sue, or, in the alternative, to strike from the title of the action and from the complaint all references to a class or representative action and to require plaintiffs separately to state and number each cause of action, unanimously modified, on the law, on the facts, and in the exercise of discretion, without costs and without disbursements, to the extent of requiring plaintiffs to serve an amended complaint separately stating and numbering the separate causes of action of each plaintiff, and eliminating from the title of the action in such amended complaint and the body thereof all allegations and references to the fact that the action is representative in character. Such amended complaint is to be served within 30 days after service of a copy of the order to be entered hereon. The action is brought by 73 employees of the same employer to recover damages on behalf of themselves and the whole class of pensioners for breach of their rights to retirement benefits. Special Term identified the common question sufficient to permit the maintenance of a representative suit (CPLR 1005) as "the single act of defendants in terminating that plan [the pension benefits]." While the act of termination, however, may have triggered the complaint, it is not the gravamen of the complaint, nor determinative of the rights of plaintiffs. The proof of each plaintiff's right to continuation of a pension depends not upon the act of termination, but upon the totality of the acts prior to termination. Having acknowledged that some plaintiffs and members of the purported class retired prior to the date of the plan's amendment in 1953 while others retired subsequent thereto, and having alleged the existence of oral promises separate and apart from the plan's provisions, plaintiffs have themselves created factual issues which differ from plaintiff to plaintiff and have demonstrated the impropriety of maintaining a representative action.

(*Lichtyger* v. *Franchard Corp.*, 18 N Y 2d 528; *Medvec* v. *333 E. 69th St. Corp.*, 14 A D 2d 849.) Concur — Stevens, P. J., Eager, Tilzer, McGivern and Steuer, JJ.